IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. SIMS, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-CV-56-WKW |
| | ) | |
| CHAR-BROIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the plaintiffs' Motion to Remand for Lack of Subject
Matter Jurisdiction (Doc. # 18) filed March 13, 2006.  This lawsuit was originally filed in the Circuit
Court of Chambers County, Alabama, and was removed to this Court by all defendants on January
19, 2006 on the ground that Green's Propane Gas Company, Inc. ("Green's Propane"), the only non-
diverse defendant, was fraudulently joined. For reasons to be discussed, the Court finds that the
motion to remand is due to be GRANTED.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff William C. Sims, Jr. ("Sims") was injured while grilling hamburgers and steaks in
his back yard in Chambers County, Alabama.  When Sims opened the top of his grill, an explosion
occurred, resulting in severe burns to Sims' face, arms, hands and fingers.  Sims had obtained the
propane used to fuel his grill at his place of employment, Industrial Service Supply, Inc. ("ISS"), an
equipment rental business.  ISS maintains a large propane storage container that it uses to fill smaller
propane tanks needed to power the rental equipment.  Green's Propane delivered propane to ISS and
filled the large propane storage container.  Sims filled two small propane tanks from the large storage

tank at ISS for his personal home use.  These two small propane tanks were involved in the explosion that is the subject of this case.  Sims and his wife sued Char-Broil (the grill manufacturer), Green's Propane, Worthington Cylinders (the propane gas tank manufacturer) and Sherwood (a manufacturer of valves found on gas grills) for negligence, wantonness, breach of warranty, liability under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"), and loss of consortium.  All of the defendants except Green's Propane are citizens of states other than Alabama. The plaintiffs are citizens of Alabama.  The defendants removed this action to federal court, claiming that Green's Propane was fraudulently joined, and that diversity jurisdiction therefore exists under 28 U.S.C. § 1331.  The defendants claim that the amount in controversy is greater than $75,000, and the plaintiffs have not disputed this.  The sole issue for purposes of remand is whether Green's Propane is fraudulently joined.

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716 (1996).   However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id*.

In determining whether to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)

2

(citations omitted).  These determinations should be "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Id.*

### III. DISCUSSION

Defendants may demonstrate fraudulent joinder by showing that (1) there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) there has been outright fraud in the pleading of jurisdictional facts; or (3) the claim against the nondiverse defendant has no real connection to the claims against the diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted).  The defendants in this case base their fraudulent joinder argument on the first reason, alleging that there is no possibility that the plaintiffs can prove a cause of action against Green's Propane.  "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

The plaintiffs have alleged two counts against Green's Propane in their Complaint.  Count Four, alleging negligence and/or wantonness against Green's Propane, contends that the defendant "negligently and/or wantonly delivered and/or supplied the propane gas in the propane tank made the basis of this lawsuit," and that the defendant was "negligent or wanton in adding, or failing to add, chemicals or odorant to their gas." (Compl. ¶ 20.)  In Count Five, liability under AEMLD, the plaintiffs allege that Green's Propane was "engaged in the business of selling, and/or distributing

3

propane gas such as the propane gas used in the incident made the basis of this suit," and that Green's Propane "sold and/or distributed the propane gas which caused the injuries to William C. Sims, Jr." (Compl. ¶ 22.) The Complaint further alleges that "[t]he propane gas was not reasonably safe when being used in a foreseeable manner but, to the contrary, was defective, unreasonably dangerous and did not meet the reasonable expectations of an ordinary consumer." (Compl. ¶ 23.)

In the fraudulent joinder context, in order to demonstrate that a case should be remanded to state court,

> the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved."

*Id.* at 1541-42 (citations omitted).

The plaintiffs in this case have alleged two claims against Green's Propane—negligence/wantonness and liability under AEMLD. Green's Propane, to prove that it was fraudulently joined, must demonstrate that there exists no reasonable basis upon which a court could impose liability as to either of these claims. The Court must therefore look to the elements of each claim when evaluating an allegation of fraudulent joinder. There are four elements of a negligence claim in Alabama: (1) The defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered some injury or loss; and (4) the defendant's negligence was the actual and proximate cause of the injury or loss. *See Davis v. Wal-Mart Stores, Inc.*, 64 F. Supp. 2d 1176, 1178 (M.D. Ala. 1999).

To establish liability under the AEMLD,

> (1) A plaintiff must prove he suffered injury or damages to himself or his property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>
> (a) the seller was engaged in the business of selling such a product, and
>
> (b) it was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold.

*Atkins v. American Motors Corp.*, 335 So.2d 134, 141 (Ala. 1976).

In an affidavit submitted with the plaintiffs' motion to remand, Sims claims that Green's Propane knew that ISS refilled smaller propane containers from the large storage container filled by Green's Propane, and that Green's Propane did not instruct or warn anyone at ISS about these refilling activities.  (Sims Aff., Doc. # 19, Ex. A at ¶ 7-8.)  He also claims that, immediately prior to his accident, he did not smell any propane leaking from his propane tanks.  (Sims Aff. at ¶ 12.) In addition, the plaintiffs submitted an affidavit from Michael J. Schulz, a fire and explosion investigator, who states that the following reasons cannot be eliminated as possible proximate causes of the explosion that injured Sims: (a) improper odorization; (b) adverse contamination; (c) non-conforming condition of the facilities and equipment at Green's Propane; and (d) actions and/or inactions of Green's Propane's employees.  (Schulz Aff., Doc. # 19, Ex. B at ¶¶ 28-31.)

In support of the allegation of fraudulent joinder, the defendants submitted the affidavit of Herschal A. Green ("Green"), president and owner of Green's Propane.  Green claims that the propane in question was properly odorized by the upstream wholesale supplier.  (Green Aff., Doc. # 27, Ex. B at ¶ 5-6.)  Further, the defendants have submitted bills of lading for the propane deliveries in question, indicating that it was properly odorized and that a "sniff test" was conducted by the delivery driver for Green's Propane.  Based on this evidence, the defendants assert that it is

unlikely that the plaintiffs can prevail on their claims against Green's Propane.

The plaintiffs argue that the defendants' evidence does not foreclose proof of the claims against Green's Propane because the bills of lading and the driver's "sniff test" do not constitute proof of the odorization levels of the propane. Further, the plaintiffs argue that other tests could be conducted to determine whether the propane was properly odorized. Finally, the plaintiffs allege that contamination of the propane is another possible cause of the explosion that resulted in Sims' injuries, and the defendants have not produced any evidence addressing whether or not the propane in question was contaminated.

The defendants assert that, because the plaintiffs have not demonstrated that further discovery will likely lead to evidence to support the plaintiffs' claims against Green's Propane, this Court should find that Green's Propane was fraudulently joined. The standard, however, is not whether it is *likely* that a plaintiff will prevail against a defendant; the standard is whether there is a *possibility* that the plaintiff has stated a valid cause of action. *See Triggs*, 154 F.3d at 1287. Based on the allegations in the plaintiffs' complaint and the evidence before the Court at this time, the Court cannot conclude that there is no possibility that the plaintiffs have stated a valid cause of action against Green's Propane. Green's Propane, therefore, was not fraudulently joined and federal diversity jurisdiction does not exist in this case.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that defendant has not met its burden of establishing fraudulent joinder. It is hereby ORDERED that:

1.      Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. # 18) is

GRANTED.

2.    This case is REMANDED to the Circuit Court of Chambers County, Alabama.

3.    The Clerk is DIRECTED to take appropriate steps to effect the remand.

4.    Any pending motions are left for resolution by the Circuit Court of Chambers

County, Alabama.

Done this the 12th day of July, 2006.


            /s/   W.  Keith Watkins
        UNITED STATES DISTRICT JUDGE